United States Courts
Southern District of Texas
FILED

JUN 1 1 2015

David J. Bradley, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | **Criminal No.** |
| v. | § | |
| | § | **UNDER SEAL** |
| GODWIN ORIAKHI and | § | |
| JERMAINE DOLEMAN, | § | |
| | § | |
| Defendants. | § | |

**15 CR 319**

## INDICTMENT

The Grand Jury charges:

### General Allegations

At all times material to this Indictment, unless otherwise specified:

1.      The Medicare Program ("Medicare") was a federal healthcare program providing benefits to individuals who were over the age of 65 or disabled.  Medicare was administered by the United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services ("CMS").  Individuals receiving benefits under Medicare were referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3.      "Part A" of the Medicare program covered certain eligible home healthcare costs for medical services provided by a home healthcare agency ("HHA") to beneficiaries requiring home health services because of an illness or disability causing them to be homebound.  Payments for home healthcare services were typically made directly to a HHA based on claims submitted to the Medicare program for qualifying services that had been provided to eligible beneficiaries, rather than to the beneficiaries.

4.      Physicians, clinics, and other healthcare providers, including HHAs that provided services to Medicare beneficiaries, were able to apply for and obtain a Medicare "provider number." A healthcare provider that was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries. A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services that were performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other healthcare provider that ordered the services.

5.      The Medicare program paid for home health services only if the patient qualified for home healthcare benefits. A patient qualified for home healthcare benefits only if:

    a.   the patient was confined to the home, also referred to as homebound;

    b.   the patient was under the care of a physician who specifically determined there was a need for home healthcare and established the Plan of Care (or "POC"); and

    c.   the determining physician signed a certification statement specifying that:

        i.    the beneficiary needed intermittent skilled nursing services, physical therapy, or speech therapy;

        ii.   the beneficiary was confined to the home;

        iii.  a POC for furnishing services was established and periodically reviewed; and

        iv.   the services were furnished while the beneficiary was under the care of the physician who established the POC.

6.      Medicare regulations required HHAs providing services to Medicare patients to maintain complete and accurate medical records reflecting the medical assessment and diagnoses

of their patients, as well as records documenting actual treatment of the patients to whom services were provided and for whom claims for payment were submitted by the HHA.

7.      These medical records were required to be sufficient to permit Medicare, through its contractors, to review the appropriateness of Medicare payments made to the HHA.

8.      Baptist Home Care Providers, Inc. ("Baptist") was a Texas corporation doing business at 6250 Westpark Drive, Houston, Texas.  Baptist submitted claims to Medicare for home health services.

9.      Defendant **GODWIN ORIAKHI**, a resident of Harris County, Texas, was the owner and administrator of Baptist.

10.      Defendant **JERMAINE DOLEMAN**, a resident of Harris County, was a patient recruiter for Baptist.

11.      Recruiter 1 was a patient recruiter for Baptist.

### COUNT 1
### Conspiracy to Commit Healthcare Fraud
### (Violation of 18 U.S.C. § 1349)

12.      Paragraphs 1 through 11 are re-alleged and incorporated by reference as if fully set forth herein.

13.      From in or around May 2009 through in or around August 2014, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, defendants

### GODWIN ORIAKHI and
### JERMAINE DOLEMAN

did knowingly and willfully combine, conspire, confederate and agree with Recruiter 1 and others known and unknown to the grand jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as

defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for healthcare benefits, items and services.

## Purpose of The Conspiracy

14.     It was a purpose of the conspiracy for defendants **GODWIN ORIAKHI**, **JERMAINE DOLEMAN**, Recruiter 1, and their co-conspirators to unlawfully enrich themselves by (a) submitting false and fraudulent claims to Medicare, (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of proceeds from the fraud, and (c) diverting proceeds of the fraud for the personal use and benefit of defendants and their co-conspirators.

## Manner and Means of The Conspiracy

The manner and means by which defendants **GODWIN ORIAKHI**, **JERMAINE DOLEMAN**, Recruiter 1, and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

15.     Defendant **GODWIN ORIAKHI** maintained a Medicare provider number, which he used to submit claims to Medicare for home health services that were not medically necessary or not provided.

16.     Defendant **GODWIN ORIAKHI** paid defendant **JERMAINE DOLEMAN** and Recruiter 1 to refer Medicare beneficiaries to Baptist for home health services.

17.     Defendant **JERMAINE DOLEMAN** and Recruiter 1 referred beneficiaries to Baptist for home health services even though they did not qualify for such services under Medicare.

4

18.     Defendant **GODWIN ORIAKHI** billed Medicare and received payment from Medicare for home health services that were not provided to those beneficiaries and/or were not medically necessary for those beneficiaries.

19.     From in or about May 2009 to in or about August 2014, Baptist billed Medicare approximately $4.3 million for home health services that it had purportedly provided to Medicare beneficiaries.  Medicare paid approximately $4 million on those claims.

20.     After Medicare deposited payments into Baptist's bank account, defendant **GODWIN ORIAKHI** transferred proceeds of the fraud to himself, defendant **JERMAINE DOLEMAN**, Recruiter 1, and their co-conspirators.

All in violation of Title 18, United States Code, Section 1349.

**COUNT 2**
**Conspiracy to Pay and Receive Healthcare Kickbacks**
**(Violation of 18 U.S.C. § 371)**

21.     Paragraphs 1 through 11 and 13 through 20 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

22.     From in or around May 2009 through in or around August 2014, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, defendants

**GODWIN ORIAKHI and**
**JERMAINE DOLEMAN**

did knowingly and willfully combine, conspire, confederate and agree with Recruiter 1 and others known and unknown to the grand jury, to commit certain offenses against the United States, that is,

a.     to violate Title 42, United States Code, Section 1320a-7b(b)(1), by knowingly and willfully soliciting and receiving remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging

5

for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering, and arranging for, and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare; and

b.     to violate Title 42, United States Code, Section 1320a-7b(b)(2), by knowingly and willfully offering and paying remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare or Medicaid; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

## Purpose of The Conspiracy

23.     It was a purpose of the conspiracy for defendants **GODWIN ORIAKHI**, **JERMAINE DOLEMAN**, Recruiter 1, and their co-conspirators to unlawfully enrich themselves by paying and receiving kickbacks and bribes in exchange for the referral of Medicare beneficiaries for whom Baptist submitted claims to Medicare.

## Manner and Means of The Conspiracy

24.     Paragraphs 15 through 20 are re-alleged and incorporated by reference as though fully set forth herein.

## Overt Acts

25.     In furtherance of the conspiracy, and to accomplish its object and purpose, the conspirators committed and caused to be committed, in the Houston Division of the Southern District of Texas, the following overt acts:

6

a.      On or about October 3, 2013, defendant **GODWIN ORIAKHI** paid Recruiter 1 approximately $1,000 for referring Medicare beneficiaries to Baptist for home health care services.

b.      On or about October 11, 2013, defendant **GODWIN ORIAKHI** paid Recruiter 1 approximately $3,350 for referring Medicare beneficiaries to Baptist for home health care services.

c.      On or about October 22, 2013, defendant **GODWIN ORIAKHI** paid Recruiter 1 approximately $1,000 for referring Medicare beneficiaries to Baptist for home health care services.

d.      On or about June 23, 2014, defendant **GODWIN ORIAKHI** paid defendant **JERMAINE DOLEMAN** approximately $2,800 for referring Medicare beneficiaries to Baptist for home health care services.

e.      On or about July 30, 2014, defendant **GODWIN ORIAKHI** paid defendant **JERMAINE DOLEMAN** approximately $3,000 for referring Medicare beneficiaries to Baptist for home health care services.

f.      On or about August 9, 2014, defendant **GODWIN ORIAKHI** paid defendant **JERMAINE DOLEMAN** approximately $1,200 for referring Medicare beneficiaries to Baptist for home health care services.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 3-8
### Payment and Receipt of Healthcare Kickbacks
### (Violation of 42 U.S.C. § 1320a-7b(b)(1) and (b)(2), 18 U.S.C. § 2)

26.     Paragraphs 1 through 11, 13 through 20, 22 through 23, and 25 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

27.     On or about the dates enumerated below, in the Southern District of Texas, and elsewhere, defendants **GODWIN ORIAKHI** and **JERMAINE DOLEMAN** as set forth below, aiding and abetting and aided and abetted by others known and unknown to the Grand Jury, did

knowingly and willfully offer, pay, solicit, and receive remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole or in part by a Federal health care program, that is, Medicare as set forth below:

| Count | Defendant(s) | Recipient | On or About Date | Approximate Amount of Kickback |
|---|---|---|---|---|
| 3 | **GODWIN ORIAKHI** | Recruiter 1 | October 3, 2013 | $1,000 |
| 4 | **GODWIN ORIAKHI** | Recruiter 1 | October 11, 2013 | $3,350 |
| 5 | **GODWIN ORIAKHI** | Recruiter 1 | October 22, 2013 | $1,000 |
| 6 | **GODWIN ORIAKHI** and **JERMAINE DOLEMAN** | **JERMAINE DOLEMAN** | June 23, 2014 | $2,800 |
| 7 | **GODWIN ORIAKHI** and **JERMAINE DOLEMAN** | **JERMAINE DOLEMAN** | July 30, 2014 | $3,000 |
| 8 | **GODWIN ORIAKHI** and **JERMAINE DOLEMAN** | **JERMAINE DOLEMAN** | August 9, 2014 | $1,200 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1) and (b)(2) and Title 18 United States Code, section 2.

## COUNT 9
### Conspiracy to Commit Laundering of Monetary Instruments
### (18 U.S.C. § 1956(h))

28.    Paragraphs 1 through 11, 13 through 20, 22 through 23, and 25 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

29.    From in or about April 2010 to in or about August 2014, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, defendants

### GODWIN ORIAKHI and
### JERMAINE DOLEMAN

did willfully and knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury, including Recruiter 1, to commit offenses against the United States in violation

9

of Title 18, United States Code, Section 1956, that is, to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

It is further alleged that the specified unlawful activity was to commit health care fraud, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1956(h).

## CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(7))

30.      Pursuant to Title 18, United States Code, Section 982(a)(7), the United States of America gives notice to defendants **GODWIN ORIAKHI** and **JERMAINE DOLEMAN** that upon conviction of any Counts in this Indictment, all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses—approximately $4,007,005.54—is subject to forfeiture.

31.      Defendants **GODWIN ORIAKHI** and **JERMAINE DOLEMAN** are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

32.    Defendants **GODWIN ORIAKHI** and **JERMAINE DOLEMAN** are notified that if any of the forfeitable property, or any portion thereof, as a result of any act or omission of defendants or their co-conspirators:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred, or sold to, or deposited with a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

Original Signature on File

FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

William S.W. Chang
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

11